UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOS ERNESTO FIGUEROA-PEREZ,

Petitioner,

v. Case No. 3:26-cv-2327-MMH-SJH

SECRETARY MARKWAYNE MULLIN, et al.,

Respondents.

---

**ORDER**

Petitioner Carlos Ernesto Figueroa-Perez, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus (Doc. 1). Figueroa-Perez, a citizen of Venezuela, entered the United States on July 25, 2021. Id. at 1. He has a pending application for asylum. Id. at 2. On August 25, 2026, United States Immigration and Customs Enforcement detained Figueroa-Perez following a traffic stop. Id. Figueroa-Perez challenges his immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 10–14.

The Federal Respondents filed a Response (Doc. 7) asserting that they are now detaining Figueroa-Perez under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant

the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

When Figueroa-Perez was detained in August 2026, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Figueroa-Perez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One.[1] Within **seven days** of this Order, Respondents shall either afford Figueroa-Perez an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[2] or release him. If Respondents release Figueroa-Perez,

[1] Because the Court finds that Figueroa-Perez is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Figueroa-Perez is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority

they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Respondent Warden's Motion to Dismiss (Doc. 6) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of September, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/18
c:
Counsel of Record

position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).